IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN RAY WOOD, )
 )
    Plaintiff, )
 )
 ) No. CIV-16-1362-F
v. )
 )
HECTOR A. RIOS, Warden, et al., )
 )
    Defendants. )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint filed November 29, 2016, Plaintiff sues Defendant Rios, the Warden of the Lawton Correctional Facility ("LCF") where Plaintiff is currently confined, and the Oklahoma Department of Corrections ("ODOC"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a similar duty to screen the complaint to determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). A claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Legal Standard for Failure to State a Claim

The Court must dismiss any action where the plaintiff fails to allege sufficient facts that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). While "[t]echnical fact pleading is not required . . . the complaint must still provide enough factual allegations for a court to infer potential victory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 570). Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), *pro se* litigants are required to follow the federal and local court rules of practice, and the Court does not assume the role of advocating for the litigant. See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing for failure to state a plausible claim for relief against the Defendants.

III. Plaintiff's Claims

In his Complaint filed November 29, 2016, Plaintiff alleges that on July 22, 2016, he was transferred from Jackie Brannon Correctional Center to LCF based on a "false pretense" and "false document" accusing him of possessing contraband in the form of "six clear bags of Marijuana." Complaint, at 3-4. Plaintiff further alleges that "there was never a misconduct report or an incident report of any kind" and he was not given "a hearing of any kind at either facility . . . to prove that [he] was guilty of a rule violation of some kind." Complaint, at 4. As relief, Plaintiff requests that the Court "hold the state and private officials involved accountable for their actions" and to be discharged from ODOC custody. Complaint, at 5.

Plaintiff has attached to the Complaint copies of grievances he submitted to various prison officials and responses to those grievances. According to these exhibits, Plaintiff submitted a grievance to a case manager at LCF in August 2016 about a misconduct report and incident report. He was advised in a response from the LCF staff member that the staff member had "called JBCC to find out the status of the misconduct. They are going to get back to me." Plaintiff's Complaint, Ex. 3.

In subsequent grievances submitted to LCF officials Plaintiff requested to have his

lost credits restored, his "Level-4" security classification level restored, and his lost earned credits and "gang-pay" restored following the dismissal of the "misconduct report in question." Plaintiff's Complaint, Exs. 4-6. In a response to one of these grievances, Plaintiff was advised by an LCF official that he would receive "back pay." Plaintiff's Complaint, Ex. 6. In a grievance directed to the LCF Records Administrator dated October 17, 2016, Plaintiff stated that his "Level-4 has been reinstated" but he requested to have "all earned credits lost from September 22, 2016 to October 2016 restored." Plaintiff's Complaint, Ex. 7. In response to this grievance, Plaintiff was advised by an LCF official that "[y]ou have received back dated credits." Id.

In yet another grievance submitted by Plaintiff to an LCF official dated October 18, 2016, Plaintiff requested that "all gang-pay from July 22, 2016, to October be restored to my trust fund." Plaintiff's Complaint, Ex. 8. In response to this grievance, Plaintiff was advised that he had been given "Level 4 back pay" for August and September. Id.

In another grievance submitted by Plaintiff to an LCF official dated October 25, 2016, Plaintiff requested information regarding the status of his "minimum security packet," and he was advised in response to the grievance that his request for transfer to a minimum security facility was being reviewed. Plaintiff's Complaint, Ex. 9.

IV. Immunity

Plaintiff has sued Defendant Rios in his official capacity claiming that Defendant Rios "refused to comply with state law and federal law of due process." Complaint, at 1-2. Plaintiff also contends that Defendant Rios, Defendant ODOC, and unnamed "officials at the

4

Jackie Brannon Correctional Center" denied Plaintiff his "Constitutional right of due process under Federal [and] State Law and under OP-030123 of the Operation [and] Procedures Rule Manual of Oklahoma Department of Corrections." Complaint, at 2.

States, state officials named in their official capacities, and "arms of the State" are entitled to immunity under the Eleventh Amendment unless the State has waived its immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)(holding "the principle of sovereign immunity is a constitutional limitation on the federal judicial power," but that a State's sovereign immunity may be waived by an unequivocal expression of waiver).

Oklahoma has not consented to Plaintiff's suit against the State or Oklahoma officials in their official capacities. See Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994)("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). Thus, to the extent Plaintiff is seeking damages or declaratory relief from Defendants ODOC and Rios, the Eleventh Amendment bars Plaintiff's § 1983 action against Defendant ODOC and Defendant Rios in his official capacity, and these claims should be dismissed without prejudice.

V. Request for Release

As a form of requested relief, Plaintiff seeks his release from confinement. However, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006)(quotations marks

5

and citation omitted). See Wilkinson v. Dotson, 544 U.S. 74, 78, 82 (2005)(reaffirming that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement" and that claims seeking a prisoner's "immediate or speedier release" from confinement must be brought under federal habeas statute)(internal quotation marks omitted).

Plaintiff cannot state a plausible claim for relief under 42 U.S.C. § 1983 with respect to his request to be discharged from prison. This claim should therefore be dismissed. As Plaintiff has not stated any grounds for habeas relief with respect to his conviction and sentence, the Complaint should not be construed as one brought under 28 U.S.C. §§ 2241 or 2254.

VI. Request for Court to Hold Prison Officials "Accountable"

In a second request for relief, Plaintiff seeks to have this Court order "that all officials i[n]volved [be] held accountable." Plaintiff's Complaint, at 7. The Civil Rights Act of 1871, codified at 42 U.S.C. § 1983, does not allow a litigant to pursue violations of state or federal criminal laws or to direct the termination of state or federal employees. See Lynch v. Bulman, 2007 WL 2993612 (10th Cir. 2007)(unpublished op.)(§ 1983 does not allow plaintiff to pursue violation of federal criminal law); Clements v. Chapman, 189 Fed. App'x 688, 692 (10th Cir. 2006)(unpublished op.)(same). Thus, Plaintiff's request that the Court somehow punish unnamed prison officials fails to state a viable claim under 42 U.S.C. § 1983 upon which relief may be granted, and this claim should be dismissed.

VII. Transfer

Plaintiff contends that he was denied due process when he was transferred from the

6

Jackie Brannon Correctional Center to LCF based on a "false document" or "false pretense." Plaintiff has not alleged any personal involvement by Defendant Rios in the transfer. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Thus, "[i]ndividual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted).

Plaintiff has failed to state a plausible claim of personal participation as to Defendant Rios, the Warden of LCF, with respect to his claim of an unconstitutional transfer from another correctional facility to LCF and a "false" misconduct or document. At the most, Plaintiff has alleged that Defendant Rios and other unnamed prison officials were negligent in reviewing Plaintiff's transfer documents. Negligence, however, is not sufficient to support a viable claim under § 1983 against a prison official. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).

Additionally, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). State policies or regulations may, however, create a liberty interest in avoiding particular conditions of confinement when they "'impose[ ] atypical and significant hardship

7

on the inmate in relation to the ordinary incidents of prison life.'" Id. at 221-23 (quoting Sandin v. Connor, 515 U.S. 472, 484 (1995)).

In Sandin, the Supreme Court made it "clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" Id. (quoting Sandin, 515 U.S. at 484).

Plaintiff has alleged that his due process rights were violated by his transfer from Jackie Brannon Correctional Center, a minimum security facility, to LCF, a medium security facility. Plaintiff has not alleged that any conditions at LCF have imposed an atypical and significant hardship within the context of his continued confinement. Thus, he has failed to state a plausible claim of a deprivation of a liberty interest within the meaning of Sandin in connection with his transfer from a minimum security facility to a medium security facility.

VIII.  Due Process in Disciplinary Proceedings

Plaintiff alleges that his due process rights were violated when he was transferred to LCF after a misconduct charge was fabricated. Plaintiff alleges that his security classification level was reduced and his eligibility for parole might be negatively affected by the "false" misconduct charge. However, Plaintiff's own documentary evidence reflects that the alleged misconduct charge was dismissed following his transfer to LCF and that his security classification level, earned credits, and even "back pay" were restored following the dismissal of the alleged misconduct.

8

"The Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty, or property, without due process of law.'" Estate of DiMarco v. Wyo. Dep't of Corr., 473 F.3d 1334, 1339 (10th Cir. 2007)(quoting U.S. Const. Amend. XIV). "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered." Steffey v. Orman, 461 F.3d 1218, 1221 (10th Cir. 2006).

Plaintiff has not alleged a plausible protected liberty interest that was denied by prison officials. Plaintiff admits that the dismissed misconduct did not result in a deprivation of earned credits and that his security classification level and a temporary reduction in his monthly pay were restored. Consequently, the misconduct did not affect the duration of his sentence or result in the deprivation of a protected liberty interest.

Plaintiff is serving a 50-year term of imprisonment for his conviction of Rape in the First Degree entered in the District Court of Oklahoma County in February 2000. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=159408&offender_book_id=58658 (last accessed December 20, 2016). As an inmate serving an 85% sentence[1] for his rape conviction, Plaintiff was not entitled to receive earned credits, and consequently "the reduction to his inmate classification

---

[1] In Oklahoma, individuals who have been convicted of certain felony offenses on or after March 1, 2000, "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections." Okla. Stat. tit. 21, § 12.1 (2011)(commonly known as the "85% Rule"). Earned credits cannot be used to reduce the length of the offender's sentence to less than 85 % of the sentence imposed.

9

level did not implicate a protected liberty interest in this regard." Marshall v. Morton, 421 Fed. App'x 832, 838 (10th Cir. 2011)(unpublished op.). Accordingly, Plaintiff's claim that his due process rights were violated in connection with a disciplinary proceeding fails to state a viable 42 U.S.C. § 1983 claim, and the claim should be dismissed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C.] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___January 19th___, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation

are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u>  30th  </u> day of <u>  December  </u>, 2016.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE